Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50264 | **DATE** | 11/7/2003 |
| **CASE TITLE** | BERGE vs. LOCAL 701 | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | 4 number of notices | |
| X | Notices mailed by judge's staff. | | NOV - 7 2003 date docketed | 13 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 2003 NOV -7 AM 8:43 | 11-7-03 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | CR mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Berge, individually and as mother and next friend of Rachel Berge, a minor, filed this action in state court against, defendant, Automobile Mechanics Local 701 Union and Industry Welfare Fund seeking reimbursement for medical expenses incurred in treating Rachel. Defendant removed this action to this court based on federal question jurisdiction. 28 U.S.C. §§ 1331, 1441 (a). Defendant premises federal jurisdiction on the complete preemption of state contract claims relating to an employee welfare plan by the civil enforcement provision (section 502 (a)) of the Employee Retirement Income Security Act ("ERISA"). 29 U.S.C. § 1132 (a). Plaintiff moves to remand asserting the action is merely a state law contract claim.

Rachel was struck by an automobile and injured. Defendant paid benefits. Plaintiff reached a settlement with the driver and negotiated a resolution of defendant's subrogation rights under the plan. After the settlement, Rachel required surgery to remove certain plates and screws from her fractured leg which had been inserted in the surgery required due to the accident injuries. Defendant refused to pay for this surgery relying on language in the plan which provides additional bills cannot be submitted for the same injury after a settlement has been effectuated.

A state law claim is properly recharacterized as an ERISA claim, making it removable to federal court, when the following factors are present: 1) the plaintiff is eligible to bring an action under § 502 (a); 2) the plaintiff's cause of action falls within the scope of an ERISA provision plaintiff can enforce via §502 (a); and 3) the plaintiff's state law claim cannot be resolved without interpreting the contract governed by ERISA. Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1487 (7th Cir. 1996). Here, plaintiff is a beneficiary and, therefore, eligible to bring an action under §502 (a). 29 U.S.C. §1132 (a) (1) (a civil action may be brought by a participant or beneficiary). Plaintiff's claim is to recover benefits due under the terms of the plan and, therefore, is within the scope of an ERISA provision enforceable via § 502 (a) (1) (B). See Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 967 (7th Cir. 2000), aff'd, 536 U.S. 355 (2002). Plaintiff claims that the terms of the plan, particularly the meaning of "same injury", are ambiguous and should be interpreted to allow her claim. Thus, the third Jass factor, a requirement that the ERISA contract be interpreted, is also met.

Because all of the Jass factors are met, plaintiff's state law claim falls within the complete preemption doctrine and the action was properly removed to this court. Plaintiff's motion to remand is denied.